## CLEVELAND ELECTRIC ILLUMINATING CO v STIBLE

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10720.   Decided Oct. 13, 1930

Squire, Sanders & Dempsey, Cleveland, for Illuminating Co.

Harry F. Pattie and C. L. Boyle, both of Cleveland, for Stible.

**VICKERY, PJ.**

Apparently the pleader was not acquainted with the decision of the Supreme Court in the case of **Cleveland Railway Company vs. Huntington, 119 Oh St 518,** where it was held that where a motorman got off his car to get the addresses and names of witnesses to an accident, and while so engaged assaulted a person, inasmuch as he was not on the car of the Company, he was acting outside the scope of his employment and the company was not liable.   The pleader in the instant case not being aware of this decision apparently thought he would make a stronger case by having his client Stible out in the open waters of the lake, and so he asserts in his petition that while the plaintiff was in the boat in the open waters of Lake Erie he was struck by the watchman and was injured in the manner detailed which, if true, would bring it within the Huntington case, supra, and no liability would accrue against the Illuminating Company, because the watchman would be acting outside the scope of his employment, it being his duty to keep trespassers **off the property** of the Illuminating Company.

Apparently the trial court and the attorney for the plaintiff became aware of this situation during the trial of the action and the evidence goes to show a little different situation which might or might not make a cause of action.   Under our Code, courts are very liberal, as they should be, and after judgment even, surely after a verdict, the petition may be amended to conform to the evidence; and had advantage been taken of this liberal method of pleading, this petition could have been amended to conform to the evidence and then one would not want to say at this time what the result would be.   But no amendment was made and the case in this court is upon the petition and the allegations contained in the petition; and the allegations in the petition bring the case squarely within the Huntington case, supra, and no recovery could be allowed.   So as the record now stands the judgment is not supported by sufficient evidence, and under the petition as it now stands is contrary to law.

We think the court should have granted the motion for a new trial, or should have

ordered or permitted an amendment of the petition so as to conform with the evidence. None of these things having been done, and the only thing we can do in the present state of the record is to reverse this case and to remand it to the Common Pleas for a new trial so that the plaintiff will have the right to amend his petition, if he so desires, to conform to the proof that he offered in the court below. No authority has been shown us where this court has the right to amend the pleadings so as to conform to the evidence in the court below. We think that such a proceeding would be dangerous, inasmuch as it would destroy the right of the plaintiff in error to prosecute error as it existed upon the record if a reviewing court could change the record so as to do away with the error.

Under the views we take of it, we can do no other than to reverse this judgment and to remand it to the Common Pleas Court for a new trial .

Cline, J, concurs.

Levine, J, not sitting.