### FULLER et v HOLT

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14771.   Decided Dec 9, 1935

E. A. Binyon, Cleveland, for plaintiffs in error.

Jerome N. Friedlander, Cleveland, for defendant in error.

MIDDLETON, PJ, BLOSSER and McCURDY, JJ, (4th Dist) sitting by designation.

## OPINION

By MIDDLETON, PJ.

This is a proceeding in error to reverse a judgment in favor of Nellie A. Holt, the defendant in error, against the plaintiffs in error, which she recovered by the verdict of a jury, in an action for damages for the alleged negligence of the plaintiffs in error in their care of an apartment house situated in Cleveland, Ohio. Miss Holt alleged in her petition that the plaintiffs in error were the owners of an apartment house and that on or about the 20th day of November, 1931, she was a tenant in said house and was at that time renting an apartment therein; that on said date, while she was descending a stairway in said apartment house, she stepped on a carpet covering said stairway, which carpet appeared to be attached to the steps of the stairway, but in fact was perfectly loose, and that said carpet slipped as she placed her weight upon it and she fell to the second sublanding on said stairway receiving serious injuries. The case was submitted to a jury which returned a verdict in her favor in the sum of One Thousand Dollars.

It is contended here by plaintiffs in error

that in the trial of the case there was no negligence shown on their part and further that there was no evidence of a defect in the stairway or carpet. We do not regard it necessary to go into detail as to what the record shows the evidence to be on this contention. Beginning at page twelve of the bill of exceptions and continuing to page 16, it is clearly shown by the testimony of witnesses that the carpet on this particular part of the stairway had been loose prior to the fall of Miss Holt and that a roommate of Miss Holt had fallen on said carpet, and that the fall of this roommate, one Miss Malin, was reported to the employees of the apartment owners whose duty it was to look after and repair defects such as existed in the carpet in question. On page 50 of the record it appears that Miss Malin, after her fall as before referred to, called on one Mr. Duncan, who had care of the hallway for the owners of the apartment and told him that she had fallen and that he replied that he would take care of it right away.

There is other evidence in the record to the same effect and with the information thus given to Mr. Duncan, it was the duty of those who had charge of that stairway and the carpet thereon to investigate and determine what the actual situation was in respect to the carpet and whether it was slipping from its fastening and to what extent it should be repaired. There is no evidence that anything of this kind was done except to say that where Miss Malin had fallen the carpet had been taken care of.

It is manifest from what very shortly thereafter occurred to Miss Holt that a part of the carpet at least had not been remedied.

Another complaint made is the introduction of evidence tending to show a certain injury or pain in the shoulder of the plaintiff below which was not pleaded in the petition. Under the provisions of §11363 GC, if the plaintiffs in error continue to insist that the condition of the shoulder should be pleaded, leave will be given the plaintiff to amend her petition.

It is urged, not without some reason, that the verdict of the jury was and is excessive. This question, however, was one primarily for the consideration of the trial court who had the complaining party before him and had the opportunity to observe her general condition and appearance. At any rate, this court does not feel justified in interfering with the verdict on that ground.

We find no substantial error in the record to the prejudice of the plaintiffs in error and the judgment is affirmed.

BLOSSER and McCURDY, JJ, concur in judgment.