## OLIVER v HOLCOMB

Ohio Appeals, 9th Dist, Lorain Co

No 776.    Decided May 19, 1936

Stetson & Butler, Elyria, for plaintiff in error.

R. H. Rice, Elyria, for defendant in error.

## OPINION

By FUNK, PJ.

Plaintiff in error commenced his action against defendant in error in the Common Pleas Court of this county for personal injuries resulting from an automobile collision which occurred November 1, 1933. The parties being in this court in the same relation as they were in the trial court, they will be referred to merely as plaintiff and defendant.

This is a case which involves the so-called "guest" statute—§6308-6, GC—which became effective June 15, 1933.

It is conceded that plaintiff was riding as a guest in an automobile being operated by defendant. The liability of defendant thus depends upon whether plaintiff's injuries were "caused by the wilful or wanton misconduct" of defendant. Plaintiff alleges in his petition that the collision and his injuries "were caused by the wanton misconduct of the defendant in the following particulars, to-wit:

"1. In operating his automobile at a high, dangerous and excessive rate of speed on a public street in the city of Lorain: to-wit, at a speed of 50 miles per hour.

"2. In driving said automobile at said speed of 50 miles per hour from a cross street out into a main thoroughfare and directly into and against another automobile lawfully operating in said main thoroughfare.

"3. In driving past a stop sign duly erected by the safety department of the city of Lorain, which sign was on 18th Street before the intersection with Reid Avenue.

"4. In failing to yield the right of way to a motor vehicle lawfully approaching on a main thoroughfare from the right of the defendant.

"5. In operating his automobile while under the influence of alcohol.

"6. In failing to stop his automobile or look for traffic in Reid Avenue before driving into said avenue from 18th Street.

"7. In recklessly driving into an automobile lawfully using Reid Avenue, which

automobile was plainly visible to the defendant."

These are the only allegations in the petition pertaining to the conduct of defendant. The sufficiency of the petition must stand or fall upon them.

Defendant filed a demurrer to the petition on the ground that it did not state facts sufficient to constitute a cause of action, which was overruled, and he then filed an answer. At the trial and before the taking of any testimony, defendant objected to the admission of any evidence under the petition, which objection was also overruled. The court did, however, direct a verdict for defendant, upon his motion, at the close of the plaintiff's case.

Counsel for plaintiff strenuously argue that there was evidence from which reasonable minds might reach different conclusions upon the question as to whether or not the acts of defendant constituted wanton misconduct under the conditions existing at the time and place of the accident, and of which, the testimony shows, the defendant had knowledge, and that therefore it was error prejudicial to plaintiff for the court to direct a verdict for defendant.

Counsel for plaintiff further claim that plaintiff's case is not based solely upon the failure of defendant to stop before he entered the intersection, but is also based upon the further fact that defendant was acquainted with the location, that he knew he should have stopped, that he failed to stop, and that he recklessly drove, at a high rate of speed, on a cross street and out into its intersection with a main thoroughfare, in front of an oncoming automobile, which he saw approaching from his right.

Counsel for defendant contends that the court not only properly directed a verdict for defendant at the close of plaintiff's case, but that he should have either sustained his demurrer to the petition or his objection to the admission of any evidence.

Counsel for plaintiff contend that the allegations of the petition are sufficient to plead that defendant had knowledge of existing conditions, and that the acts of defendant constituted wanton misconduct, but that, if the allegations of the petition are not sufficient to so plead, the evidence is stronger than the allegations of the petition and clearly proves that defendant had knowledge of the existing conditions at the time of the collision; and they further contend that plaintiff should now be permitted to amend his petition to conform to the facts proved, which facts said counsel claim show wanton misconduct on the part of defendant.

The questions thus presented are, first, whether the petition states facts sufficient to constitute a cause of action—that is, do the facts alleged in the petition show that the acts of defendant, concerning which complaint is made, constitute wanton misconduct? second, if the petition does state facts sufficient to constitute wanton misconduct, are they sustained by the evidence? and, third, if the petition does not state such facts, and the evidence shows wanton misconduct on the part of the defendant, is plaintiff now entitled to amend his petition—that is, may this court permit plaintiff to now amend his petition?

First. Do the facts alleged in the petition show that the acts of defendant of which complaint is made constitute wanton misconduct?

The act of the defendant claimed to be wanton misconduct which is designated as No. 1 in the petition, is clearly a mere charge of driving an automobile at 50 miles an hour on a public street in the city of Lorain. There are no facts pleaded disclosing the element of wanton misconduct—that is, showing that the surrounding circumstances or the existing conditions in the street caused by the lawful use thereof by others were such that would make one conscious that driving at that rate of speed would in all common probability result in injury to plaintiff or anyone else. Surely the mere driving of an automobile on a city street clear of other traffic or of any other use of the street cannot be said to be wanton misconduct.

Moreover, the ordinance pleaded in the petition does not provide against any particular speed, but provides that "vehicles shall be driven in a careful manner and with due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles, and so as not to endanger the life, limb or property of any person, while in the lawful use of the streets." It is thus apparent that said allegation No. 1 does not plead any facts to show that driving at 50 miles an hour would be even a violation of the provisions of said ordinance, to say nothing of wanton misconduct.

Substantially the same situation exists as to the other acts complained of—that is, there are no facts pleaded to show that the use of said Reid Avenue and 18th Street, or the condition of either of them at the time of the collision, would cause the de-

the things complained about would in all common probability result in injury to plaintiff or any other person. In fact, there is no claim that there was any other traffic on said avenue or street, or that there was any other use being made of them at the time of the collision.

It is well settled in Ohio that the simple violation of a statute or ordinance does not of itself constitute wilful or wanton misconduct.

Higbee Co. v Jackson, 101 Oh St 75.

Payne, Dir. Gen. v Vance, 103 Oh St 59.

It has also been held that driving while under the influence of alcohol, or conduct arising from inadvertence or error in judgment, are not such reckless disregard of the rights of others as to constitute wilful or wanton misconduct, and accordingly do not afford a basis for a recovery under the so-called automobile guest statutes.

We therefore hold that the petition does not state a cause of action against defendant under the rules announced in the cases of U. C. Pipe Co. v Bassett, 130 Oh St 567, and Vecchio v Vecchio, 131 Oh St 59.

Second. Does the evidence prove wanton misconduct on the part of defendant?

While defendant, upon being called for cross-examination, testified in substance that he was acquainted with the location in question, that he had driven across that intersection prior to the time of the accident, that at this time he was driving east on 18th Street, that he knew there was a stop sign at Reid Avenue, which avenue he knew was a thoroughfare, and that he did not stop, he also further testified, upon said cross-examination, that he slowed down the speed of his automobile and shifted it into second gear as he approached Reid Avenue, that he was traveling at the rate of only 5 to 10 miles an hour when he entered said intersection, that when he first saw the automobile that hit his automobile it was coming north on Reid Avenue about 300 feet away, that he thought he had time to get across Reid Avenue ahead of it, and that when he discovered that said car was traveling at least 50 miles an hour and which was faster than he at first thought it was traveling, he attempted to get out of the way of said oncoming automobile by increasing his speed, rather than attempt to stop and back up.

Theodore Rone, the driver of said oncoming auto, testified in substance that as he approached 18th Street he did not see defendant coming until defendant was only about 40 to 60 feet away, that defendant was driving at the rate of 40 to 50 miles an hour, that defendant did not stop but drove at that rate out into the intersection in front of him, where they came together, that he (Rone) was traveling about 35 miles an hour, that he was traveling about in the center of his right side of the street, that he kept on going and did nothing but put on his brakes to try to stop, and that his car did not stop until it hit defendant's car. There is thus some conflict in the testimony of defendant and said Rone as to how fast the respective automobiles were traveling.

However, as Rone testified that defendant was traveling at the rate of 40 to 50 miles an hour, that he (Rone) was going about 35 miles an hour and that he (Rone) did not see defendant's car until he was only 40 to 60 feet from defendant's car, it is quite apparent that the witness Rone, according to his own testimony, had very limited opportunity, if any, to observe how fast defendant was traveling when he emerged from 18th Street. Moreover, defendant testified that when he first saw the Rone car he thought he had time to cross Reid Avenue ahead of it, but when he saw that the Rone car was traveling faster than he had thought it was he increased his speed in an effort to avoid a collision; so that defendant concedes that he was traveling faster at the time of the collision than when he first emerged from 18th Street; and it must have been defendant's speed at the time of the collision concerning which Rone testified.

The uncontradicted testimony shows that the collision in which plaintiff was injured occurred around midnight or soon thereafter at the intersection of Reid Avenue and 18th Street in the city of Lorain, and that when defendant was driving his automobile easterly on 18th Street it was struck by an automobile being driven northerly on Reid Avenue by said Theodore Rone.

The evidence also clearly shows that the collision occurred at about the center of the easterly half of Reid Avenue, and at about the center of 18th Street, so that defendant had crossed over about three-fourths of Reid Avenue and had veered a little to the north or left from the right side of 18th Street; and there is no evidence or claim that there was any other traffic on said avenue and street or that there was any other use being made of said streets, or that there was any condition of any kind in said streets to affect the hazard at the time of the collision.

There is thus no substantial conflict in the evidence with reference to the facts which are the basis of this action.

Although the evidence shows that defendant was acquainted with the location, and that he had driven over said intersection and knew there was a stop sign at said intersection, we think the evidence falls far short of proving wanton misconduct, to-wit, a manifest "dispostiion to perversity" on the part of defendant, or that he was "conscious from his knowledge of the surrounding circumstances and existing conditions that his conduct would in all common probability result in injury" to plaintiff, and that instead of showing wanton misconduct, it shows that he acted in an emergency and that the best that can be said of it is that defendant was guilty of simple negligence.

Third. However, assuming, for the purpose of argument, that the evidence does show defendant guilty of wanton misconduct, has plaintiff the right to now amend his petition, which does not state facts sufficient to plead wanton misconduct, to conform to the evidence? That is, can this court permit it to be so amended?

Counsel for plaintiff cite 8 Abs 722, 33 O. L.R. 520, Cleveland Elec. Illum. Co. v Stible, in support of their contention.

An examination of the opinion in that case clearly shows that it not only does not support that contention, but that it holds the exact contrary; that is, it holds that a reviewing court cannot permit an amendment to pleadings in error proceedings. However, the opinion does show that, if the judgment for plaintiff is reversed and remanded for a new trial, plaintiff may then, by leave of the trial court, amend his petition to meet any facts disclosed in the former trial.

Our attention has also been called to the cases of **Citizens T. & S. Bank v Hutchinson, 20 Abs 577, and Fuller v Holt, 20 Abs 606, at p. 607.**

Assuming that under those two decisions a reviewing court may permit a pleading to be amended to conform to the evidence "where under the state of the record the adverse party would not be prejudicially affected," permission to plaintiff to amend his petition to conform to evidence which both this court and the trial court have found does not prove a cause of action, surely could not now be of any avail to plaintiff.

Under what circumstances, if any, a reviewing court may, in an error proceeding, permit a petition to be amended so as to conform to the evidence admitted at the trial, we are not called upon to determine at this time.

Finding no error prejudicial to plaintiff, the judgment of the trial court is affirmed.

STEVENS and WASHBURN, JJ, concur in judgment.